**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DELFINO SABEDRA, JR.** | ) | |
| | ) | |
| v. | ) | 3-07-CV-442-N |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Huntsville, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of aggravated sexual assault of a child as charged in the indictment returned in Cause No. F-03-15748-JS Sabedra was tried by a jury which found him guilty as charged and thereafter assessed punishment at a term of 35 years confinement.

Petitioner filed a direct appeal and on May 17, 2005, the Fifth Court of Appeals at Dallas affirmed his conviction in an unpublished opinion. Although he was granted leave to file a petition

for discretionary review, the Texas Court of Criminal Appeals ultimately dismissed his petition as being untimely filed. Sabedra then filed an art. 11.07 application which was denied by the Court of Criminal Appeals on January 17, 2007, based upon the findings of the trial court without a hearing. He then filed the present § 2254 petition.

In response to the petition and this court's show cause order Respondent filed his answer together with a copy of Petitioner's prior state proceedings. Sabedra filed his reply on October 3, 2007.

**Findings and Conclusions**: In his first ground for relief Sabedra claims that his attorney failed to provide the representation required under the Sixth Amendment. Ineffective assistance of counsel claims are governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must establish both constitutionally deficient performance by his trial attorney and that such professional errors prejudiced the outcome of the proceedings. Failure to satisfy either prong of the two-part test forecloses federal habeas corpus relief. *See e.g. Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

He first claims that his attorney's pretrial investigation was inadequate. He does not identify any evidence which his attorney should have discovered nor how it would have altered the outcome of the case, thus it is impossible to satisfy the "prejudice" prong. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Insofar as he faults his attorney for not objecting to his pre-arrest statements to Detective Gordon Putnam, for the reasons stated *infra* with respect to Ground Two, no meritorious ineffective assistance of counsel claim is presented.

In responding to Petitioner's claim that he failed to attend an examining trial, his trial attorney filed an affidavit in the art. 11.07 application which explained why there was no examining

trial. *See* Application No. WR 66,415-01 at 218. In his findings of fact the trial court found Mr. Sullivan's statement to be credible. *Id.* at 205.

Sabedra's claim relating to a motion *in limine*, i.e. a motion to exclude (suppress) inadmissible evidence is a mere variation of the failure to preserve error on the admission of his statements and recorded conversation with Detective Putnam.

He next claims that his attorney should have objected to arguments made by the prosecution at the conclusion of both the guilt-innocence and punishment phases of his trial. The arguments at issue were the basis for his ineffective assistance of counsel claims asserted as points of error in his direct appeal. In addressing these grounds the appellate court found that the prosecutor's statement in her argument at the guilt/innocence phase was a reasonable deduction from the evidence, No. 05-03-01709-CR, opinion filed on May 17, 2005 at 8, and that although the arguments of the prosecutors in the punishment phase exceeded that which was permissible under Texas state law Petitioner failed to rebut the strong presumption of competence which applies to an attorney's representation, despite the absence of any objection to the prosecutors' arguments. *Id.* at 8-10. The court further found in light of the punishment which was actually assessed by the jury - slightly more than one-third of the statutory maximum penalty - that Sabedra failed to satisfy the "prejudice" prong as well. *Id.* at 10.

Finally, he faults his trial attorney for having failed to impeach the testimony of the victim's aunt, Karen Solomon, with a felony conviction for embezzlement. In neither his state habeas application nor in the present petition has he documented this assertion with any record of the alleged conviction. In addressing this issue the trial court found this claim of ineffective assistance of counsel to be without merit, even assuming that the witness had such a conviction. *See*

3

Application No. WR-66,415-01, at 204-05.

In his second ground for relief Sabedra claims that the admission of a tape recorded conversation between himself and Detective Putnam violated his Sixth Amendment right to counsel. He asserted this claim as a point of error in his direct appeal, but the state appellate court ruled that an objection on this basis had not been preserved for review.

He asserted this claim again in his art. 11.07 application. In addressing this issue the state district court found that his trial attorney was not ineffective for failing to preserve an objection for appellate review because the admission of the recorded conversation was not in violation of any constitutional right to which Petitioner was entitled. *See* App. No. WR-66,415-01 at 191-195. In his findings of fact the state court reiterated the testimony of Putnam which reflected that Sabedra's wife provided his cell phone number to Putnam who in turn called him in an effort to have him surrender on outstanding warrants for sex related offenses. In the first conversation, which was not recorded, Putnam offered to check with a judge about a bond. The second conversation was recorded and a copy of the recording was admitted as evidence and played for the jury.[1] Both conversations occurred over a relatively short period of time and Putnam had no indication of where Sabedra was when they were conversing. In the course of the conversations Petitioner told Putnam that he was going to meet with his attorney.

Petitioner bases his Sixth Amendment claim on the Supreme Court decision in *Maine v. Moulton*, 474 U.S. 159, 170, 106 S.Ct. 477 (1985). It does not appear that he is asserting a Fifth Amendment claim, which would be lacking in merit since he was clearly not in custody when the

---

[1] The record filed in this petition does not include a tape-recording or a transcript of the second conversation.

conversations took place. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966) (Advice of rights applies to custodial interrogation).

In addressing Sabedra's claims this court is required to apply the Antiterrorism and Effective Death Penalty Act (AEDPA). No longer may a federal court engage in a *de novo* review of a state prisoner's habeas claims, but rather a writ can be granted only if the United States Supreme Court has determined that the conduct at issue violated Federal constitutional rights. *See e.g. Muhleisen v. Leyoub*, 168 F.3d 840, 844 (5th Cir. 1999).

Specifically federal habeas corpus relief can be granted only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

The facts set out in *Maine v. Moulton, supra,* are distinctly different from those in the present case. The defendant in *Moulton* had formally pleaded not guilty to an indictment in which he and a co-defendant were charged. When evidence of another crime came to the attention of the police and after the co-defendant agreed to cooperate, the co-defendant engaged the petitioner in recorded telephone and face-to-face conversations in which the petitioner made self-incriminating statements. The Supreme Court held that a person is entitled to the assistance of counsel at or after the time judicial proceedings have been initiated against him. 474 U.S. at 170, 106 S.Ct. at 484. Since the defendant had previously entered a plea of not guilty and was awaiting trial, the prosecution's use

of his recorded statements to his co-defendant violated his Sixth Amendment right to counsel.[2]

Although warrants for Sabedra's arrest were outstanding at the time he spoke by telephone with Detective Putnam, the Supreme Court has never held that the right to counsel attaches upon the issuance of a warrant. Given the fact that the Supreme Court has not held that a person's right to counsel attaches prior to his arrest, the Texas state court's refusal to find a violation of his Sixth Amendment right to counsel was not an unreasonable application of Federal law. *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495 (2000).[3]

As his third ground Sabedra alleges that the trial court's action in overruling objections to statements made in the prosecutors' arguments deprived him of a fair trial. The statements of the prosecutors which constitute the basis for this ground provided the factual foundation for the second point of error in his direct appeal. In its unpublished opinion the state appellate court overruled this point of error. No. 05-03-01709,CR, *supra* opinion at 5-7. In disposing of this claim in his art. 11.07 application, the trial court found that this ground was raised in the direct appeal and was rejected. Application No. WR-66,415-01 at 185-86. *See e.g. Ex Parte Acosta*, 672 S.W.2d 470, 472

---

[2]*See also Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199 (1964) holding that recorded post-indictment statements to a cooperating co-defendant violated the defendant's Sixth Amendment right to counsel; <u>but</u> *see also Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616 (1986), holding that the Sixth Amendment does not forbid admission of the statements of a jailed defendant - awaiting trial - to a jail house informant where no effort was made to solicit or stimulate incriminating conversations; and *Illinois v. Perkins*, 496 U.S. 292, 110 S.Ct. 2394 (1990).

[3]Nor was the state court's finding that Sabedra did not invoke his right to counsel by the mere mention that he was going to talk to his attorney an unreasonable application of Federal law. *See e.g. Michigan v. Mosley*, 423 U.S. 96, 104 n. 10, 96 S.Ct. 321, 326, n. 10 (1975) (citing *Miranda v. Arizona*, distinguishing right to remain silent from right to counsel, noting that questioning must cease until attorney is present only "[i]f the individual states he wants an attorney.").

(Tex.Crim.App. 1984).

Except for his contention that the prosecutor's remarks constituted a comment on his failure to testify, this ground fails to allege a colorable basis for federal habeas relief. In order to establish a violation of a defendant's Fifth Amendment guarantee against self-incrimination, a petitioner must prove either that the prosecutor's manifest intent was to comment on his failure to testify or that the character of the remarks was such that the jury would naturally and necessarily construe them as a comment on his silence. *See e.g. United States v. Virgen-Moreno*, 265 F.3d 276, 290-91 (5th Cir. 2000) *cert. denied* 534 U.S. 1095 (2002). The complained of remarks[4] did not violate Sabedra's Fifth Amendment privilege and therefore his third ground is without merit.

In his fourth ground Petitioner attacks the factual sufficiency of the evidence which was raised as an issue in his direct appeal. As noted above, no timely petition for discretionary review was filed after the Fifth Court of Appeals delivered its opinion on May 17, 2005. In considering the issue in the context of his art. 11.07 application, the trial court invoked the well-established proposition of Texas state law that sufficiency of the evidence is not a cognizable basis for habeas corpus relief. *See* Application No. WR-66,415-01, *supra*, at 186. *See also Ex Parte Christian*, 760 S.W.2d 659, 660 (Tex.Crim.App. 1988). Merits review of this ground is procedurally barred. *See e.g. West v. Johnson*, 92 F.3d 1385, 1398 (5th Cir. 1996). Alternatively, it is clear that the evidence presented clearly satisfies the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781 (1979).

As a final ground for relief Sabedra alleges that he is actually innocent of the offense of aggravated sexual assault of a child, a ground which he concedes has not been presented to the

---

[4]*See* Reporter's Record, Vol. 5 at 61-62.

Texas sate court system. *See* petition at 8, ¶ 22 and 8E-8F. Relief may be denied as an unexhausted ground for relief. § 2254 (b)(2). It is well established that a claim of actual innocence is not a cognizable basis for federal habeas corpus relief. *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853 (1993).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 19th day of December, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.